IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| City of West Des Moines, Iowa,<br><br>　　　Plaintiff,<br><br>vs.<br><br>Philadelphia Indemnity Insurance Company,<br><br>　　　Defendant. | Civil Action No.<br><br>Complaint<br><br>Jury Demanded |

Plaintiff the City of West Des Moines, Iowa files the following Complaint against Philadelphia Indemnity Insurance Company.

*Parties*

1.　The City of West Des Moines, Iowa ("CITY") is a municipality created and existing pursuant to Iowa Code chapter 364.

2.　Philadelphia Indemnity Insurance Company ("PHILADELPHIA") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business in Bala Cynwyd, Pennsylvania.

*Jurisdiction*

3.　This Court has jurisdiction because there is complete diversity of citizenship among the Plaintiff and the Defendant as well as because the amount in controversy exceeds the present minimum requirement of $75,000 pursuant to 28 U.S.C. § 1332.

*Venue*

4.　Venue is proper in this Court because this is the district because it is the location of the development giving rise to the parties' claims.

*Facts*

5.  DB Booneville LLC proposed a development known as The Village at Sugar Creek ("DEVELOPMENT"), which is an area of the CITY north of the existing Booneville Road and east of S 88th Street in the CITY, Dallas County, Iowa, generally depicted below:



6.  As a condition of the DEVELOPMENT, DB Booneville LLC assumed responsibility for the cost and construction of S 81st Street, realigned Booneville Road, all internal drives, and all other infrastructure necessary to adequately serve the proposed development.

7.  Section 10-3-2 of the CITY's Code entitled "Improvements" provides:

**The subdivider shall be responsible for the installation and/or construction of all improvements required by the city**, and shall warrant the design, material and workmanship of such improvements, installation and/or construction for a period of four (4) years from and after completion for concrete pavement, and

four (4) years from and after completion for sanitary sewer, water main, and storm sewer. Such warranty shall be by bond or other acceptable collateral; and shall be subject to review by the city attorney (waterworks legal counsel for water mains); shall specifically assure the expedient repair or replacement of defective improvements under warranty; and shall indemnify the city (waterworks for water mains), from any and all costs or losses resulting from, contributed to, or arising out of such defective improvements.

**Before the council approves the final plat, all of the foregoing improvements, except water mains, shall be constructed and accepted by formal resolution of the city council.** Water mains shall be constructed in a manner prescribed by the West Des Moines waterworks and the mains shall be accepted by formal resolution of the waterworks board of trustees. Before passage of said resolution of acceptance by the city council, the city engineer shall report that the improvements to be accepted by the city meet all city specifications and ordinances or other requirements and agreements between the subdivider and the city. The waterworks general manager shall prepare a similar report with respect to water mains, which report shall be the basis for passage of an acceptance resolution by the waterworks board of trustees.

**This requirement may be waived if the subdivider will post a cash bond or certified check with the city (or waterworks for water mains) guaranteeing that said improvements will be constructed within a period of one year from final acceptance of the plat**; however, if a certified check or cash bond is posted, final acceptance of the plat will not constitute final acceptance by the city (or waterworks for water mains) of any improvements to be constructed. Improvements will be accepted only after their construction has been completed and is inspected by appropriate city or waterworks personnel certifying the improvements have been completed in conformance with specifications, standards, and ordinances. **No public funds will be expended (except in traffic signage) in the subdivision until such improvements have been completed and accepted by the city (waterworks for water mains).**

**The amount of the bond or certified check shall not be less than the estimated cost of the improvements, including all inspection services and tests conducted by the city (or waterworks for water mains) and the amount of the estimate of the bond or certified check must be approved by the city engineer (waterworks general manager for water mains).**

The council may waive the requirements of this chapter for the construction and installation of some or all of the improvements in cases of resubdivisions where only the size, shape and arrangement of the lots is being changed; provided, however, such waiver shall be limited to existing improvements in good repair as determined by the city engineer. Improvements not existing or in poor repair shall meet the requirements of this chapter.

(emphasis added).

8. The approved construction documents, among other things, defined DB Booneville LLC's obligation to install and/or construct certain improvements in the CITY's right of way for the DEVELOPMENT. A true and accurate copy of the final and approved construction documents ("CONSTRUCTION DOCUMENTS") for the DEVELOPMENT is attached as Exhibit 1.

9. A true and accurate copy of the final plat approved on November 7, 2022 ("FINAL PLAT"), for the DEVELOPMENT is attached as Exhibit 2.

10. Pursuant to section 10-3-2 of the CITY's Code, the CONSTRUCTION DOCUMENTS, and the FINAL PLAT, DB Booneville LLC had an obligation to install and/or construct certain improvements in the CITY's right of way.

11. Pursuant to section 10-3-2 of the CITY's Code, DB Booneville LLC posted two bonds with DB Booneville LLC as Principal and with PHILADELPHIA as Surety that guaranteed the obligation to install and/or construct the improvements defined in the CONSTRUCTION DOCUMENTS in the CITY's right of way for the DEVELOPMENT.

12. A true and accurate copy of Bond No. PB02315100001 with DB Booneville LLC as Principal, PHILADELPHIA as Surety, and the CITY as obligee in the penal amount of $1,872,580 is Exhibit 3. Bond No. PB02315100001 bound PHILADELPHIA to guaranty the performance of site utilities and temporary standpipe work in the CITY's right of way for the DEVELOPMENT.

13. A true and accurate copy of Bond No. PB02315100002 with DB Booneville LLC as Principal, PHILADELPHIA as Surety, and the CITY as obligee in the penal amount of $1,537,935 is Exhibit 4. PB02315100002 bound PHILADELPHIA to guaranty the performance of remove and replace barbed wire fence, relocate electrical poles, street signage, conduit and

light pole bases, light poles, concrete and markings, transformers, and granular road surfacing work in the CITY's right of way for the DEVELOPMENT.

14. Bond Nos. PB02315100001 and PB02315100002 concern the obligation to install and/or construct certain improvements in the CITY's right of way for the DEVELOPMENT. Bond Nos. PB02315100001 and PB02315100002 neither concern, nor are dependent upon, the private development outside of the CITY's right of way in the DEVELOPMENT.

15. The combined penal amounts of Bond Nos. PB02315100001 and PB02315100002 is $3,410,515.

16. The terms of Bond Nos. PB02315100001 and PB02315100002 expressly require PHILADELPHIA to make payment upon the happening of a default and do not expressly permit PHILADELPHIA other options, such as taking over the obligation to install and/or construct certain improvements in the CITY's right of way for the DEVELOPMENT.

17. Bond Nos. PB02315100001 and PB02315100002 are bonds required by section 10-3-2 of the CITY's Code. As such, Bond Nos. PB02315100001 and PB02315100002 are statutory bonds.

18. The CITY never hindered or interfered with the performance by DB Booneville LLC of its obligations assumed as part of the DEVELOPMENT.

19. DB Booneville LLC defaulted on its obligation to construct the required improvements in the CITY's right of way for the DEVELOPMENT, specifically:

   a. DB Booneville LLC has not completed the improvements within one year of final acceptance of the FINAL PLAT;

   b. DB Booneville LLC has abandoned the project leaving a portion of the work incomplete and the majority of the work not even begun;

5

c. DB Booneville LLC's abandonment of the improvements in the CITY's right of way has resulted in potential violation of federal and state construction erosion control and discharge regulations;

d. In Case No. EQCV044146 in the Iowa District Court for Dallas County, Iowa, the Court found "Defendant DB Booneville, L.L.C. is indebted to Plaintiff and Defendants DMU Entities as a result of the notes described in the Foreclosure Petition and Cross-claim" and "The notes for all loans are secured to some extent by one or more mortgages, and subject to claims and defenses, (as described in the Foreclosure Petition and Cross-claim) that together encumber the Real Estate (as defined in the Foreclosure Petition and Cross-claim) that is the subject of this action." A true and accurate copy of the Order is Exhibit 5;

e. In Case No. EQCV044146 in the Iowa District Court for Dallas County, Iowa, the Court ruled, among other rulings, "That the Defendant DB Booneville, L.L.C., and any employees and agents of the Defendant, and any other persons having possession or control of any of the following, shall immediately … Surrender to the Receiver physical possession of and control over Defendant DB Booneville, L.L.C.'s business and the Real Estate, including all of books, records, papers and appurtenances thereto, including but not limited to any computers or computer programs that contain said books and records, accounts receivable, invoices and inventory reports."

f. By requesting the CITY attempt to arrange financing for the DEVELOPMENT from PHILADELPHIA, the principal for DB Booneville LLC, Daniel Pettit, admitted DB Booneville LLC lacks the financial ability to install and/or construct

6

certain improvements in the CITY's right of way for the DEVELOPMENT. Each of the above subparagraphs constitutes a separate and independent default by DB Booneville LLC.

20. On July 21, 2023, the CITY provided notice of default by DB Booneville LLC to PHILADELPHIA. A true and accurate copy of the correspondence is Exhibit 6.

21. In response, PHILADELPHIA investigated the notice of default and reserved all rights without honoring its obligations pursuant to Bond Nos. PB02315100001 and PB02315100002 to pay the penal amounts.

22. On October 20, 2023, the CITY provided a second notice of default by DB Booneville LLC to PHILADELPHIA and opportunity to cure. A true and accurate copy of the correspondence is Exhibit 7.

23. In response, PHILADELPHIA investigated the notice of default and reserved all rights without honoring its obligations pursuant to Bond Nos. PB02315100001 and PB02315100002 to pay the penal amounts.

24. The CITY provided PHILADELPHIA with all requested documents and responded to all PHILADELPHIA's requests for information about DB Booneville LLC's default.

25. PHILADELPHIA has not cured the default by DB Booneville LLC and has not paid the penal amounts of Bond Nos. PB02315100001 and PB02315100002.

26. The estimated probable construction cost (1) to cure the potential violation of federal and state construction erosion control and discharge regulations and (2) to install and/or construct the improvements defined in the CONSTRUCTION DOCUMENTS in the CITY's right of way for the DEVELOPMENT is $3,424,669 as of November 16, 2023. A true and

accurate copy of McClure Engineering Co.'s estimate of probable construction costs is attached as Exhibit 8.

## Count 1 – Breach of Contracts

27. CITY incorporates the allegations from paragraphs 1 through 26 above.

28. Bond Nos. PB02315100001 and PB02315100002 are valid agreements with the CITY as Obligee and PHILADELPHIA as Surety.

29. Bond Nos. PB02315100001 and PB02315100002 are the only agreements with the CITY as Obligee and PHILADELPHIA as Surety related to the DEVELOPMENT.

30. The principal on Bond Nos. PB02315100001 and PB02315100002, DB Booneville LLC, has defaulted.

31. The CITY provided written notice of DB Booneville LLC's default to PHILADELPHIA and provided PHILADELPHIA with the opportunity to cure.

32. The CITY fully performed obligations, if any, on Bond Nos. PB02315100001 and PB02315100002 and satisfied condition precedents, if any, to PHILADELPHIA's obligation to honor Bond Nos. PB02315100001 and PB02315100002.

33. The happening of the DEVELOPMENT is not a condition precedent to PHILADELPHIA's obligations on Bond Nos. PB02315100001 and PB02315100002.

34. PHILADELPHIA has not cured the defaults by DB Booneville LLC.

35. By not paying the penal amounts of the bonds, PHILADELPHIA is in default of its obligations assumed in Bond Nos. PB02315100001 and PB02315100002.

36. PHILADELPHIA's refusal to honor its obligations on Bond Nos. PB02315100001 and PB02315100002 has caused damages to the CITY in the estimated amount of $3,424,669 as of November 16, 2023.

Therefore, the CITY respectfully requests that this Honorable Court enter judgment in

favor of the CITY and against PHILADELPHIA for all compensatory damages resulting from PHILADELPHIA's default of its obligations assumed in Bond Nos. PB02315100001 and PB02315100002 plus interest and costs and other relief that is fair and equitable.

### *Count 2 – Declaratory Judgment Act– 28 U.S.C. § 2201*

37. CITY incorporates the allegations from paragraphs 1 through 36 above.

38. There is an actual and substantial controversy between the CITY and PHILADELPHIA whether PHILADELPHIA has honored its obligations assumed as Surety in Bond Nos. PB02315100001 and PB02315100002.

Therefore, the CITY respectfully requests the Court declare the rights and other legal relations of the parties as follows:

A. Bond Nos. PB02315100001 and PB02315100002 are valid agreements with the CITY as Obligee and PHILADELPHIA as Surety.

B. The CITY provided notice of default by DB Booneville LLC and an opportunity to cure to PHILADELPHIA.

C. PHILADELPHIA is obligated to the CITY on Bond Nos. PB02315100001 and PB02315100002.

D. The occurrence of the actual private development of DEVELOPMENT is not a condition precedent to PHILADELPHIA's obligation on Bond Nos. PB02315100001 and PB02315100002.

E. PHILADELPHIA has no contractual or other rights against the CITY, such as a subrogation rights against a future developer of the DEVELOPMENT.

The CITY demands a trial by jury on all issues triable to a jury.

Date: November 21, 2023                    Respectfully submitted,

/s/Jeffrey A. Stone
Jeffrey A. Stone                AT0008829
Jacob W. Nelson                 AT0010431
Simmons Perrine Moyer Bergman PLC
115 Third Street, S.E., Suite 1200
Cedar Rapids, IA 52401-1266
Telephone: (319) 366-7641
Facsimile: (319) 366-1917
Email: jstone@simmonsperrine.com
Email: jnelson@spmblaw.com
*Attorneys for Plaintiff City of West Des Moines*